UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICKI DIFATTA, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 5023 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BAXTER INTERNATIONAL, INC., BAXTER INTERNATIONAL, INC. AND SUBSIDIARIES WELFARE BENEFIT PLAN FOR ACTIVE EMPLOYEES, and THE LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Vicki Difatta alleges in this lawsuit that she was wrongfully denied short-term disability ("STD") benefits due under a group STD benefit plan ("STD Plan") and long-term disability ("LTD") benefits due under a group LTD benefit plan ("LTD Plan"). Doc. 1. Difatta's LTD claim is brought under 29 U.S.C. § 1132(a)(1)(B), a provision of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The STD claim is brought as a breach of contract action, as Difatta takes the view that the STD Plan is not an ERISA plan and thus is not subject to ERISA; hedging her bets as permitted by Federal Rule of Civil Procedure 8(a)(2), Difatta pleads in the alternative that if the STD Plan is an ERISA plan, then the denial of STD benefits violates ERISA. Both plans are sponsored by Baxter International, Inc., for the benefit of its employees and its subsidiaries' employees. Difatta was formerly employed by one of those subsidiaries, Baxter Healthcare Corporation. The STD benefits were self-insured by Baxter International, while the LTD benefits were underwritten by Defendant Liberty Life

-1-

Assurance Company of Boston pursuant to Group Long Term Disability Contract No. GFR-890-450386-01 ("LTD Policy").

Because the standard of review governing Difatta's claims will determine the course of these proceedings, including discovery, *see Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999), the parties proposed that the issue be briefed and resolved at the threshold. With the benefit of the parties' briefs and oral argument, the court concludes that the arbitrary and capricious standard governs the STD claim and that the *de novo* standard governs the LTD claim.

**I.     The STD Claim**

Difatta conceded at oral argument that if the STD Plan is an ERISA plan, and thus governed by ERISA, the STD claim is subject to the arbitrary and capricious standard. Difatta argues, however, that the STD Plan is not an ERISA plan, but instead is a "payroll practice" within the meaning of 29 C.F.R. § 2510.3-1(b), which excludes payroll practices from coverage under ERISA.

Section 2510.3-1(b) provides:

> **(b) Payroll practices.** For purposes of title I of [ERISA] and this chapter, the terms "employee welfare benefits plan" and "welfare plan" shall not include
>
> \* \* \*
>
> **(2)** Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons. …

29 C.F.R. § 2510.3-1(b). As the regulation's text makes clear, to qualify as a "payroll practice," the STD Plan must be paid "out of the employer's general assets." The parties stipulate that the STD Plan was sponsored by Baxter International and that Difatta was employed by Baxter Healthcare. Doc. 35 at 1 n.1. The relevant plan documents provided that STD benefits were to be paid from the general assets of Baxter International. Doc. 31 at 9 (defining "Company" as "Baxter International Inc."), 31-32 ("[w]ith respect to benefits that are self-insured, the Company shall … pay benefits directly to or on behalf of the Covered Persons from the Company's general assets"). Baxter International and Baxter Healthcare, though related, are separate corporate entities. Doc. 34-1 at 1-2.

Because Difatta was not employed by the entity from whose general assets STD benefits were paid, the STD Plan does not qualify as a payroll practice under 29 C.F.R. § 2510.3-1(b)(2), at least as far as Difatta is concerned. Because the STD Plan is not a payroll practice, it is an ERISA plan, and because it is an ERISA plan, the court (pursuant to Difatta's concession) will apply the arbitrary and capricious standard to Difatta's STD claim.

II.     **The LTD Claim**

The parties agree that the LTD Plan and the LTD Policy are governed by ERISA, and Difatta concedes that both documents contain language giving the administrator discretionary authority to determine eligibility for benefits and to construe the terms of the LTD Plan and LTD Policy. Doc. 32 at 7-8; Doc. 35 at 6; *see* Doc. 31-2 at 65 (where the LTD Plan states: "[T]he plan carrier has sole discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy. Benefits under these Plans will be paid only if the claims administrator decides, in its discretion, that you are entitled to a benefit."). Settled precedent

holds that the arbitrary and capricious standard governs ERISA claims where the underlying documents contain discretionary language. *See Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 378 (2002) (an "'arbitrary and capricious' standard [is] ordinarily applied when discretionary plan interpretations are challenged"); *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) ("where a plan administrator possesses discretionary authority, the district court reviews his or her decisions under the deferential 'arbitrary and capricious' standard") (internal quotation marks omitted); *Mers v. Marriott Int'l Group Accidental Death & Dismemberment Plan*, 144 F.3d 1014, 1019 (7th Cir. 1998) ("Where a plan confers power on the administrator to exercise discretion, the appropriate standard of review is the deferential 'arbitrary and capricious' one."). But Difatta argues that the discretionary language in the LTD documents are barred by an Illinois regulation providing:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code § 2001.3. Defendants offer three arguments for why the regulation does not apply to this case, but each fails to persuade.

First, Defendants argue that the regulation applies only to a "health carrier" and that Liberty is not a health carrier. Doc. 34 at 10. It is true that the regulation applies only to a "health carrier," but Defendants offer no authority or analysis to support their submission that Liberty is not a health carrier, which forfeits the point. *See Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011);

*Judge v. Quinn,* 612 F.3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (internal quotation marks omitted); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003).

Second, Defendants argue that even if § 2001.3 applied to the LTD Policy, it does not apply to the LTD Plan because the regulation refers to a "policy" but not a "plan" and also because the regulation does not regulate plan sponsors like Baxter International. Doc. 34 at 11. If Defendants were right, then § 2001.3 would not prohibit the LTD Plan from granting discretion to its plan carrier to interpret the terms of the LTD Policy. But Defendants are wrong for the reasons articulated in *Ehas v. Life Insurance Company of North America*, 2012 WL 5989215, at *5-6 (N.D. Ill. Nov. 29, 2012).

Third, Defendants argue that § 2001.3 is preempted by ERISA. Doc. 33 at 10-11; Doc. 34 at 10-11. Two circuits have held that state laws analogous to § 2001.3 are not preempted, and several judges in this District, relying in part on those decisions, have held that § 2001.3 is not preempted. *See Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 604-07 (6th Cir. 2009); *Standard Ins. Co. v. Morrison*, 584 F.3d 837 (9th Cir. 2009); *Ehas v. Life Ins. Co. of N. Am.*, 2012 WL 5989215, at *10 (N.D. Ill. Nov. 29, 2012); *Zuckerman v. United of Omaha Life Ins. Co.*, 2012 WL 3903780, at *7 (N.D. Ill. Sept. 6, 2012); *Curtis v. Hartford Accident Ins. Co.*, 2012 WL 138608, at *10 (N.D. Ill. Jan. 18, 2012); *Ball v. Standard Ins. Co.*, 2011 WL 759952, at *4 (N.D. Ill. Feb. 23, 2011). Defendants make no effort to explain why those cases were incorrectly decided, and while they cite general ERISA preemption principles articulated by the Supreme Court, they do absolutely nothing to explain why those principles warrant preemption in this case. As a result, Defendants have forfeited their preemption argument. *See Milligan*, 686

F.3d at 386; *Alioto*, 651 F.3d at 721; *Judge,* 612 F.3d at 557; *Holm*, 326 F.3d at 877. This holding does not endorse the view that ERISA does not preempt § 2001.3 and laws like it; the holding rests solely on the ground that Defendants forfeited their preemption argument by failing to develop it.

Because Defendants have offered no basis for holding that § 2001.3 does not apply to the LTD documents or that it is preempted, § 2001.3 invalidates the discretionary language in the LTD documents. And because the discretionary language is invalidated, the *de novo* standard applies to Difatta's LTD claim.

January 15, 2013                                    _____
                                                    United States District Judge